UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN L. BURTON,

    Plaintiff,

v.                                             Case No. 8:25-cv-428-TPB-AEP

DOUG COLLINS, et al.,

    Defendants.
_____/

### ORDER DENYING IN PART AND DEFERRING IN PART PLAINTIFF'S "MOTION FOR TEMPORARY RESTRAINING ORDER EXPEDITED CONSIDERATION REQUESTED"

This matter is before the Court on Plaintiff's "Motion for Temporary Restraining Order Expedited Consideration Requested," filed on February 20, 2025. (Doc. 2). As set forth below, the Court denies the motion to the extent it requests a temporary restraining order. The Court, however, will construe the motion as requesting a preliminary injunction in the alternative and will hold a status conference to discuss further proceedings on the motion on March 10, 2025, at 3:00 p.m. Based on the motion, court file, and the record, the Court finds as follows:

Plaintiff is suing Defendants, including the Secretary of the Department of Veterans Affairs, Moffitt Cancer Center, and others, for allegedly denying him a proton prostate cancer treatment and pursuing a different treatment plan to which Plaintiff objects. Plaintiff's "Emergency Complaint" seeks damages and injunctive relief under the Federal Tort Claims Act and 42 U.S.C. § 1983. (Doc. 1). He has also filed a motion for a temporary restraining order, seeking to prevent Defendants

from proceeding with a non-proton treatment and/or compelling Defendants to provide him with proton treatment.

 A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01. A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical.

 Plaintiff has failed to demonstrate that notice and a hearing on the motion is impractical. Plaintiff does not detail efforts made to give notice of the TRO motion to Defendants. The motion states that a TRO without notice is required because "the VA and Moffitt are still scheduling conventional treatment" for him and there is insufficient time for service of process and a hearing before the "scheduling" of conventional treatment. Plaintiff asserts that undergoing conventional treatment will be dangerous for him. But Plaintiff offers no specifics on when the scheduling process is likely to be complete or the date on which treatment would take place. Plaintiff also states that he has attached to his motion an affidavit and brief in support of the requested TRO, but it appears from the Court's review of the record that no such documents were attached or otherwise filed. Absent a showing of emergency, the Court is not able to address Plaintiff's allegations without input from Defendants.

Because Plaintiff has failed to meet the high burden for the issuance of a TRO, Plaintiff's "Motion for Temporary Restraining Order Expedited Consideration Requested" must be denied. Although Plaintiff is not entitled to a TRO, the Court will construe Plaintiff's motion as alternatively seeking a preliminary injunction and entertain the motion for preliminary injunction after Defendants are served with a complaint and a copy of the motion and given an opportunity to respond.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)     The "Motion for Temporary Restraining Order Expedited Consideration Requested" (Doc. 2) is hereby **DENIED** to the extent that Plaintiff seeks a temporary restraining order.

(2)     The Court construes Plaintiff's motion as alternatively seeking entry of a preliminary injunction.

(3)     Plaintiff is **DIRECTED** to (a) immediately serve on the United States Attorney's Office a copy of the complaint, a copy of the "Motion for Temporary Restraining Order Expedited Consideration Requested," and a copy of this Order, by e-mailing copies of these documents to the United States Attorney's Office at shelby.hill@usdoj.gov, and (b) promptly effect service of process on all Defendants following the requirements of Rule 4 of the Federal Rules of Civil Procedure and file proof of service thereafter as required by Rule 4(l).

(4)     Plaintiff is **DIRECTED** to file proof of e-mail service on the United States Attorney's Office on or before Friday, March 7, 2025.

(5)     The Court will hold a status conference in this matter on Monday, March 10, 2025, at 3:00 p.m. to discuss the scheduling of further proceedings.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of February, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE