**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN L. BURTON,

    Plaintiff,

v.                                                Case No. 8:25-cv-428-TPB-AEP

DOUG COLLINS, et al.,

    Defendants.

_____/

**ORDER DISMISSING ACTION BASED ON PLAINTIFF'S**
**VIOLATION OF FILING INJUNCTION**

This matter is before the Court *sua sponte*. Plaintiff is suing Defendants that include the Secretary of the Department of Veterans Affairs and Moffitt Cancer Center, among others, for allegedly denying him a proton prostate cancer treatment and pursuing a different treatment plan to which Plaintiff objects. Plaintiff's "Emergency Complaint" seeks damages and injunctive relief under the Federal Tort Claims Act and 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a motion for a temporary restraining order, seeking to prevent Defendants from proceeding with a non-proton treatment and/or compelling Defendants to provide him with proton treatment, and a motion for class certification. (Docs. 2, 3). The Court denied Plaintiff's motion for a temporary restraining order but construed the motion as alternatively seeking preliminary injunctive relief, and directed Plaintiff to effect service of the complaint and the motion on Defendants. (Doc. 5). The Court deferred ruling on a preliminary injunction and set a status conference on March 10, 2025, to discuss further proceedings in the case. (*Id.*)

After the Court entered that order, however, it learned that Plaintiff was subject to a 2019 injunction entered by Judge Steele prohibiting Plaintiff – then proceeding under the name Jamaal Ali Bilal – from filing new cases in this district without first seeking leave of court. *See Jamaal Ali Bilal f/k/a John L. Burton a/k/a Superman v. FNU Fennick, et al.*, No. 2:16-cv-799-FtM-29MRM, Doc. 40 (Aug. 21, 2019).[1] Judge Steele noted that by that time, Plaintiff had filed more than fifty cases in the Middle District of Florida, many of which the Court rejected before the opposition had even responded. *Id.* at 5. Judge Steele further noted that Plaintiff continued to file "multiple actions asserting meritless claims," that the Court had spent countless hours reviewing his various filings, and that the U.S. Marshal had expended innumerable man-hours effecting service of process on his complaints. *Id.* at 5-6. The Court found Plaintiff's filings constituted an abuse of the court system and that his "multiple vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." *Id.* at 6. The Court therefore entered an injunction prohibiting Plaintiff from filing any lawsuit without seeking leave of Court. *Id.* In seeking leave, Plaintiff is required to inform the Court of the pendency of the injunction and of the pertinent facts about the action he wishes to bring, as well as any other pending litigation against the proposed defendants. *Id.*

In this case, Plaintiff did not seek or obtain leave of Court before filing the instant lawsuit, nor did he inform the Court about the pendency of the injunction

---

[1] In a filing in another case, Plaintiff represented that his legal name was changed from John Burton to Jamaal Ali Bilal, but that he maintains the last name of his late father, John Burton, for military purposes. *See Burton v. United States*, No. 8:23-cv-1372-CEH-SPF, Doc. 25 at 3 n.1.

against him.  Accordingly, Plaintiff has violated the injunction.  In October 2024, Judge Honeywell dismissed another suit by Plaintiff against the Department of Veterans Affairs based on Plaintiff's failure to obtain leave of Court prior to filing the suit.  *See Burton v. United States*, No. 8:23-cv-1372-CEH-SPF, 2024 WL 4356315, at *3 (M.D. Fla. Oct. 1, 2024) ("The Court therefore agrees with the R&R that this action violates the August 21, 2019 filing injunction and it is due to be dismissed."), *appeal dismissed*, No. 24-13487-A, 2024 WL 5346724 (11th Cir. Nov. 21, 2024).[2]  Again in December 2024, Judge Merryday dismissed another suit by Plaintiff, this one against the United States, Donald J. Trump, and Florida Governor Ron DeSantis, based on Plaintiff's failure to obtain leave of court prior to filing suit.  *See John Burton a/k/a/ Jamaal Ali Bilal v. United States of America, et al.*, No. 8:24-cv-2057-SDM-SPF, Doc. 9 (Dec. 20, 2024).  Plaintiff's complaint in this case is due to be dismissed for the same reason.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)   This action is hereby **DISMISSED.**

(2)   The Clerk is directed to terminate any pending motions and deadlines

---

[2] In addition to dismissing Plaintiff's action because he violated the filing injunction, Judge Honeywell alternatively ruled that Plaintiff's complaint was subject to dismissal for lack of subject matter jurisdiction because his claims were barred by the Veterans' Judicial Review Act, which precludes judicial review by federal district courts of decisions by the Secretary of the Department of Veterans Affairs that affect the provision of benefits to veterans. *Burton*, 2024 WL 4356315, at *3.

and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of February, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE